[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 08 2008
THOMAS K. KAHN
CLERK

_____

No. 07-11298

_____

D. C. Docket No. 02-02937-CV-CAM-1

CYNTHIA R. BLITCH,

Plaintiff-Appellant,

versus

MICHAEL J. ASTRUE,
Commissioner, Social Security Administration,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(January 8, 2008)**

Before ANDERSON and BLACK, Circuit Judges, and HODGES,[*] District Judge.

PER CURIAM:

_____

[*]Honorable Wm. Terrell Hodges, United States District Judge for the Middle District of Florida, sitting by designation.

Cynthia R. Blitch's attorney appeals the district court's denial of his petition for attorney's fees after his client, Blitch, was awarded past-due Social Security disability benefits. The fee petition was brought pursuant to 42 U.S.C. § 406(b)(1) of the Social Security Act and dismissed by the district court as time barred by Federal Rule of Civil Procedure 54(d)(2)(B). On appeal, Appellant argues the district court should not have dismissed the petition for attorney's fees as untimely because the Commissioner did not object to the timeliness of the petition. In addition, he argues his actions were reasonable under the circumstances.

After reviewing the briefs and record, and with the benefit of oral argument, we conclude, under the confusing circumstances of this case, the district court abused its discretion, *see ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999), because the attorney's actions were reasonable.[1] Therefore, we vacate and remand

---

[1] We are very sympathetic with the attorney's plight under the unique circumstances created by a remand judgment under sentence four of 42 U.S.C. § 405(g). Our understanding is the amount of fees owed under a contingency arrangement is not established for months after remand, until the Social Security Administration determines the amount of the client's award. In *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273 (11th Cir. 2006), we suggested the best practice for avoiding confusion about the integration of Fed. R. Civ. P. 54(d)(2)(B) into the procedural framework of a fee award under 42 U.S.C. § 406 is for a plaintiff to request and the district court to include in the remand judgment a statement that attorneys fees may be applied for within a specified time after the determination of the plaintiff's past due benefits by the Commission. 454 F.3d at 1278 n.2. As we understand it, however, the best practice has not been a universally-workable solution. Perhaps another vehicle for creating some much needed certainty in this area of the law is for the district courts to fashion a general order or a local rule permitting district-wide application of a universal process for seeking fees under these unique circumstance. It is our hope the district courts, in doing so, will keep in mind Congress's intent behind § 406(b), to encourage attorneys to represent Social Security claimants. *See Bergen*, 454 F.3d at 1276.

with instructions for the district court to determine the fees owed to the attorney under § 406(b) of the Social Security Act.

**VACATED AND REMANDED**